The Honorable Bobby L. Hogue State Representative P.O. Box 97 Jonesboro, Arkansas 72401
Dear Representative Hogue:
This is in response to your request for an opinion on the following questions concerning Act 10 of 1991, the act creating the "Educational Excellence Trust Fund":
 1. Does the above Act (Act 10, 1991) intend that funds derived under its provisions are to be used to increase the salaries of teachers employed by Arkansas public schools and institutions of higher education effective date of the Act 2/1/91?
 2. What is the legislative intent of the following stipulation found in Section 7 of Act 10 of 1991: `It is hereby found and determined by the Seventy-Eighth General Assembly that the provision of quality education to the secondary schools and Arkansas institutions of higher education is essential to the preservation of the public welfare; that the provisions of this act are necessary in meeting this essential need of providing salary increases for those certified personnel positions on the effective date of this act; . . .' (italics of the General Assembly)?[1]
 The underlying question behind this request for clarification is this: Did the Legislature intend to cover both secondary and higher education teachers under the provisions of this act?
It is my opinion that the answer to your first question is "no." It is my opinion, in response to your second question, that the legislative intent of Section 7 of Act 10 of 1991 was to establish grounds for the emergency clause of the act, by stating that the "provision of quality education to the secondary schools and institutions of higher education is essential" and that the act was necessary to meet the essential need "of providing salary increases for those certified personnel positions on the effective date of the act." The emergency clause of this act, in my opinion, does not evidence an intent that higher education instructors and professors are to receive any mandated salary increases under the act. Similarly, it is my opinion, in response to your "underlying" question, that Act 10 of 1991 does not cover both secondary and higher education teachers under the salary increase provisions of the act.
In response to your first question, Act 10 of 1991 does provide funds for salary increases to "certified personnel positions." A.C.A. § 6-5-303(a) (Cum. Supp. 1991). These increases are mandated for funds distributed to "school districts" through the Minimum Foundation Program Aid ("MFPA") of the Public School Fund. See again A.C.A. § 6-5-303(a). This language does not include "higher education teachers." See A.C.A. § 6-5-303(c). Although provision is made in the act for distribution of funds to particular institutions of higher education (see A.C.A. §6-5-302 (Cum. Supp. 1991)), these funds are not specifically earmarked by the act for salaries, as are the funds distributed through MFPA.
Your second question references the emergency clause of Act 10 of 1991, which mentions the need to preserve the public welfare through the provision of a quality education to the "secondary schools and Arkansas institutions of higher education. . . ."[2] The section also notes the need for providing salary increases for "certified personnel positions." You inquire as to the legislative intent of this section, with an emphasis on determining whether this language mandates salary increases for "higher education teachers."
It has been stated that "an emergency clause in (a) statute is given little or no significance in the interpretation of statutes, since such clauses are inserted, usually as a matter of form, to make the act effective at once." Sutherland, StatutoryConstruction § 71.06 (4th Ed). Such clauses, however, may be resorted to in determining legislative intent when there is an ambiguity in an act. City of Fort Smith v. Brewer,255 Ark. 813, 502 S.W.2d 643 (1973). Like the title of an act, however, in my opinion such clauses may not overcome plain and unambiguous words in the body of an act. See generally Weir v. U.S.339 F.2d 82 (8th Cir. 1964).
The language of the emergency clause to which you refer is thus not controlling over unambiguous provisions of the act. The emergency clause itself refers to salary increases for "certified personnel positions." The act provides that salary increases are to be given through the MFPA distribution to "school districts" to "certified personnel positions," which are defined by the act as "the number of certified employees, excluding the superintendent and assistant superintendents, employed by a school district. . . ." A.C.A. § 6-5-303(c). This language does not include "higher education teachers." The emergency clause does refer to the providing of quality education to Arkansas institutions of higher education. This language, in my opinion, can be read as referring to the fact that under Act 10, funds are indeed allocated to such institutions. But the language cannot, in my opinion, be read to mandate that these funds be used for salary increases, where no such requirement is found in the text of the act.
For the reasons stated above, it is my opinion that the answer to your "underlying" question is "no." The language of Act 10 of 1991 does not evidence a legislative intent to cover both secondary and higher education teachers" under the mandated salary increase provisions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
[1] The italics indicate that this language was added in an engrossment.
[2] Although the language of the emergency clause mentions only "secondary schools" and not primary or elementary schools, the text of the act requires salary increases for all "certified personnel positions" of a school district.